IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Timothy W. Gibson a/k/a Timothy Wayne Gibson #266027 a/k/a Timothy Wayne Gibson #146113, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:20-cv-1949-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Chuck Wright, Christy Barber, Kathy White, Mary King, Lucy Sparver, and Genille Lundy, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

Plaintiff Timothy W. Gibson, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. (ECF Nos. 1; 2; 11). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On October 30, 2020, Defendants filed a joint motion for summary judgment. (ECF No. 50). On December 3, 2020, Plaintiff filed both a response in opposition to Defendants' motion (ECF No. 54) and a motion for an extension of time to file a response (ECF No. 55). The court granted Plaintiff's motion, allowing him thirty (30) days to file a supplemental response and noting that, if Plaintiff failed to file a supplemental response within the time permitted, the court would consider Plaintiff's response (ECF No. 54) in determining the merits of the pending motion for summary judgment. (ECF No. 56). Despite the additional time allotted, Plaintiff filed no further response to Defendants' motion.

Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court grant Defendants' motion for summary judgment. (ECF No. 60). The Report was mailed to Plaintiff at the address he provided the court, (ECF No. 61), and has not

1

been returned as undeliverable. Therefore, Plaintiff is presumed to have received the Report. Plaintiff was advised of his right to file specific objections to the Report, (ECF No. 60-1), but failed to do so. The time for Plaintiff to object to the Report has now expired, and this matter is ripe for review.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Thus, having reviewed the Report and the record and, finding no clear error, the court agrees with, and wholly **ADOPTS**, the magistrate judge's findings and recommendations in the Report (ECF No. 60), which is incorporated herein by reference. Accordingly, the court **GRANTS** Defendants' motion for summary judgment (ECF No. 50).

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
March 31, 2021

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4

of the Federal Rules of Appellate Procedure.